UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| INDEPENDENT OWNERS COOPERATIVE, LLC, | ) ) ) |
| Plaintiff, | ) ) ) Docket no. 08-CV-87-P-S |
| v. | ) ) |
| FREDERICK PUBS LLC et al., | ) ) ) |
| Defendants. | |

**ORDER ON MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Before the Court is Plaintiff's Motion to Enforce Settlement Agreement (Docket # 17), which was filed on December 5, 2008. Despite being granted an extension of time to file a response, Defendants have filed no response to date. Therefore, in accordance with District of Maine Local Rule 7(b), Defendants are deemed to have waived any objection to the Motion.

Nevertheless, the Court's independent review of the Motion raises jurisdictional questions. On its face, Plaintiff's Motion to Enforce Settlement Agreement asks this Court to order Defendants to pay Plaintiff $10,000 pursuant to a written contract. A claim for breach of contract claiming damages of $10,000 is not a claim over which this Court would have jurisdiction. See 28 U.S.C. § 1332. In Kokkonen v. Guardian Life Insurance Company, 511 U.S. 375 (1994), the Supreme Court laid out specific circumstances under which a district court would retain jurisdiction to enforce the terms of a settlement decree. See id. at 381-82; see also F.A.C., Inc. v. Cooperative de Seguros de Vida de Puerto Rico, 449 F.3d 185, 190 (1st Cir. 2006) (discussing Kokkonen); Municipality of San Juan v. Rullan, 318 F.3d 26, 30 (1st Cir.

2003) (noting that Kokkonen "debunked the notion that a district court always enjoys inherent power to enforce settlement agreements").  Those circumstances are not present here.

      Rather, because the parties have yet to seek dismissal of the original action, the Court simply retains jurisdiction over the claims stated in Plaintiff's Complaint.  Given Defendants' failure to perform under the terms of the Settlement Agreement (Docket # 17-2), it would appear that Plaintiff could move forward with the pending litigation.[1]  Alternatively, Plaintiff is free to file a separate breach of contract action in state court or, in this court, if they believe the requisite amount-in-controversy requirement can be satisfied.  However, on the current record, the Court declines to find that it has either subject matter jurisdiction or ancillary jurisdiction that would allow it to order Defendants to remit $10,000 to Plaintiff pursuant to the terms of the Settlement Agreement.  Therefore, Plaintiff's Motion to Enforce Settlement Agreement (Docket # 17) is hereby DENIED.

      SO ORDERED.

                                              /s/ George Z. Singal
                                              United States District Judge

Dated this 30th day of January, 2009.

---

[1] The Court notes that the current deadline for dispositive motions is February 20, 2009.  See Aug. 18, 2008 Order (Docket # 14).